### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD C. ROBERTS,** | |
| **Plaintiff,** | |
| | **Case No. 25-cv-01977-MAB** |
| **v.** | |
| **C/O KULICH,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Clifford Roberts, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on November 6, 2023, while he was on the West 2 Yard, there

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

was an incident in the West 1 Yard. (Doc. 9, p. 5). He states that everyone was instructed to "get on the ground." Plaintiff complied with the order, but when he looked up, he saw Correctional Officers Dulaney and Kulich "hud[d]le[d] up talking." As Plaintiff was leaving the yard, Dulaney grabbed Plaintiff's handcuffs and told Plaintiff that Major Gee had instructed him to walk Plaintiff to segregation. Kulich wrote Plaintiff a false disciplinary ticket, and Plaintiff spent twenty-eight days in segregation. (*Id.*). Plaintiff asserts that "everything was deemed false by the Administration Review Board in Springfield, Illinois," and his time in segregation was "deleted." (*Id.* at p. 5, 6).

## DISCUSSION

Plaintiff has again failed to state a claim. Plaintiff asserts that by writing a false disciplinary ticket that resulted in twenty-eight days in segregation, Kulich violated his rights under the Fourteenth Amendment, the Eighth Amendment, and the First Amendment.

To establish a due process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). The caselaw on what amounts to a deprivation of a liberty interest is vast and evolving. *See e.g., Jackson v. Anastasio*, 2025 WL 2437947 at * 5-8 (7th Cir. Aug. 25, 2025) (finding that three months of disciplinary segregation with deplorable conditions such as a cell coated with feces and urine, constant noise, water contaminated by Legionnaire's, and mice and roaches and mice were sufficient conditions to invoke a protected liberty interest). When analyzing whether disciplinary segregation implicates a protected liberty

interest, courts consider "the 'combined import of the duration of the segregative confinement *and* the conditions endured.'" *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024) (quoting *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). "[T]he facts matter." *Lisle*, 933 F.3d at 721.

In considering the process that must be afforded to Plaintiff, the Seventh Circuit has recently indicated in a pair of cases that an inmate is only entitled to informal due process if he does not lose good-time credit. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy*, 109 F.4th at 965; *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024) (majority opinion of St. Eve, J.) (finding that an inmate is only entitled to informal due process for any disciplinary proceeding that does not result in the loss of good-time credit).

In considering whether a liberty interest has been implicated, Plaintiff alleges only that he was in segregation for twenty-eight days and that it was detrimental to his mental health. Plaintiff fails to allege any facts regarding his living conditions and absent these facts, the Court is unable to assess the conditions he endured during his time in segregation, which is fatal to. *See Ealy*, 109 F.4th at 965. But even if a liberty interest was implicated here, Plaintiff has failed to allege any facts regarding the disciplinary proceedings at issue. In fact, the First Amended Complaint is completely devoid of any facts or allegations regarding the disciplinary process Plaintiff received. Plaintiff has therefore failed to plead that he was denied due process, and by consequence, his Fourteenth Amendment claim against Kulich for issuing him a false disciplinary ticket is

dismissed. *See Hanrahan v. Lane,* 747 F.2d 1137, 1140 (7th Cir. 1984) (allegations of a false disciplinary ticket do not state a claim where due process is afforded).

Plaintiff's Eighth Amendment claim is also dismissed. Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment, and a prison official may be held liable for deliberate indifference to the risk of harm to the inmate from those conditions. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Plaintiff fails to allege any facts to support a claim against Kulich for cruel and unusual punishment. Nothing in the First Amended Complaint could be read to plausibly infer that there was an excessive risk to Plaintiff's health or safety, and Kulich ignored that risk in writing the false disciplinary ticket.

And finally, Plaintiff has failed to state a First Amendment claim. Although Plaintiff invokes the First Amendment, he does not allege that he engaged in protected speech that motivated Kulich to write him a false disciplinary ticket. Plaintiff's First Amendment claim is dismissed.

Plaintiff has had two opportunities to attempt to state a claim and has failed to do so. The Court does not believe it is necessary to afford Plaintiff yet another opportunity. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwauke*e, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623,

624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). On the facts alleged, Plaintiff simply cannot allege a plausible claim under Section 1983. As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire case are **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. §1915A. The Clerk of Court shall enter judgment and close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: July 1, 2026**

_Mark A. Beatty_

**MARK A. BEATTY**
**United States Magistrate Judge**